UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN O'ROURKE,
MARK CZERNIEJEWSKI,

                        Plaintiffs,                      **ORDER**

     v.

                                                          **06-CV-667A(F)**

CARMEN M. PARISO, INC.,

                        Defendant.
_____

       In Plaintiffs' Complaint ("the Complaint"), removed by Defendant from state court on October 5, 2006, pursuant to 28 U.S.C. § 1441(b), Plaintiffs allege that they were employed by Defendant as truck drivers and that Defendant failed to pay Plaintiffs for "pre- and post-inspection at the beginning and end of the work day."  Although not stated in the Complaint, based on the motion papers, such inspections were to be performed by Plaintiffs on trucks assigned to Plaintiffs by Defendant for specific work days.  Plaintiffs also claim back pay for time spent in washing their "assigned truck[s]," and, for a third claim, Plaintiffs assert they are owed back pay by Defendant for time required to "shovel the box of their [assigned] trucks out in the winter when it snowed [*sic*]."  Plaintiffs allege that Defendant "has refused to pay any additional wages," at overtime rates, upon each of Plaintiffs' three claims, in the amount of $18,093.15 for Plaintiff O'Rourke and $17,862.90 for Plaintiff Czerniejewski, plus interest.  Based on these factual allegations, Plaintiffs state three causes of action for breach of contract, *quantum meruit*, Defendant's violation of the New York Labor Law, Sections 190 [1] - [3], and attorneys fees.

       By papers filed October 6, 2006, Defendant moves, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the Complaint (Doc. Nos. 3-4).  Plaintiffs opposed the motion by

filing, on April 9, 2007, a Response to Defendant's Motion to Dismiss (Doc. No. 9) ("Plaintiffs' Response").  Defendant's Reply Memorandum of Law was filed April 23, 2007 (Doc. No. 16) ("Defendant's Reply").

Defendant contends that, although unstated in the Complaint, throughout the period during which Plaintiffs allege Defendant failed to pay Plaintiffs for the time Plaintiffs spent inspecting, washing, and shoveling snow out of their assigned trucks during 2000-2006, Plaintiffs, as Defendant's truck drivers, were members of a labor union, Truck Drivers Local No. 449 ("the Union"), with which Defendant had an enforceable collective bargaining agreement ("the CBA").  According to Defendant, the CBA specified the duties of Defendant's truck drivers, including "washing . . . and other maintenance duties on their vehicles," and the wage rates covering the work performed by the drivers as Defendant's employees.  Additionally, Defendant states, the Union filed, on July 31, 2002, in accordance with the CBA, a grievance for "non-payment of required pre-trip and post-trip [inspections]," "non-payment of time for mandatory washing of truck [sic]," and other alleged failures by Defendant to pay wages in violation of the CBA, the Union claimed were owed to Defendant's drivers ("the grievance").[1]  Defendant further represents that (i) during August 2002, all issues raised by the grievance were amicably resolved without arbitration, (ii) on September 10, 2002 the Union advised Defendant in writing that the grievance was "deemed settled," and (iii) the Union has taken no further action in regards to the complaints underlying the

---

[1] The form of grievance, Affidavit of Anthony Pariso, Exhibit B, (Doc. No. 3), is somewhat ambiguous that the claims for inspection pay were included in the grievance, but, in context, it is fair to conclude that dispute was in fact the basis of this part of the grievance.

grievance.[2]

Defendant also attached to its moving papers copies of the grievance and the CBA which includes a broad grievance procedure which covers "any differences or disagreements as to the meaning of" the CBA, including arbitration of such disputes by the New York State Mediation Board.  Finally, Defendant represents that other than the CBA, Plaintiffs had no other contracts with Defendant.  Defendant therefore maintains that all of Plaintiffs' claims are cognizable solely under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 195(a) ("§ 301") and because federal law directs that such claims are to be exclusively resolved in accordance with the grievance procedure of the CBA, the Complaint must be dismissed.

In their opposition to Defendant's motion, Plaintiffs do not contradict any of Defendant's statements describing Plaintiffs' status as Defendant's truck drivers and members of the Union, the CBA, or the grievance and the Union's prosecution of the grievance pursuant to the CBA.  Rather, Plaintiffs contend that their claims are not pre-empted by federal law applicable under § 301, that Defendant's motion should therefore not be granted and that the matter be remanded to state court.

It is well settled that where an alleged claim, based on state law, is "inextricably intertwined with the terms of [a] labor contract" such claim is preempted by federal law pursuant to § 301.  *Allis-Chalmers v. Lueck*, 471 U.S. 202, 213 (1985).  *See also Electrical Workers v. Hechler,* 481 U.S. 851, 855-56 (1987) (citing *Allis-Chalmers*). According to the Supreme Court, "when a state-law claim is <u>substantially</u> <u>dependent</u> <u>on</u>

---

[2] Plaintiff O'Rourke appears to have been one of the signers of the grievance initiated by the Union.

<u>analysis</u> <u>of</u> <u>a</u> <u>collective-bargaining</u> <u>agreement</u>, a plaintiff may not evade the pre-emptive force . . . [§301] by casting the claim as a state-law claim" *Hechler, supra*, at 859 n. 3 (underlining and bracketed material added).  It is also settled law in this Circuit that where a collective bargaining agreement provides a grievance procedure for resolution of disputes under the collective bargaining agreement, any judicial relief for a claim within the scope of the collective bargaining agreement's grievance procedure is foreclosed.  *See Dougherty v. American Telephone and Telegraph Company,* 902 F.2d 201, 204 (2d Cir. 1990) (citing cases).

     Here, Plaintiffs fail to dispute that (1) the CBA is a collective bargaining agreement between the Union and Defendant, and covers Plaintiffs' employment with Defendant for the period during which Plaintiffs' claims are alleged to have arose, (2) other than the CBA, there are no other contracts between Plaintiffs and Defendant relating to Plaintiffs' employment with Defendant, and, significantly, (3) the CBA's grievance and arbitration provision is sufficiently broad to include Plaintiffs' demands for payment of additional wages based on Plaintiffs' allegations.  Accordingly, Defendant maintains that regardless of Plaintiffs' assertions of breach of contract, *quantum meruit*, or a violation of New York law, Plaintiffs' entitlement to the extra compensation sought in the Complaint requires application of relevant provisions of the CBA as to whether Defendant's failure to pay Plaintiffs the extra wages Plaintiffs demand violated the CBA and whether the CBA's grievance procedure applies to Plaintiffs' claims.  *Ycaza v. CT Transit-Stamford Div.*, 289 F.Supp.2d 180, 182-83 (D.Conn. 2003) (as claim for back pay and benefits required court to construe collective bargaining agreement, claim preempted by § 301) (citing *Wheeler v. Graco Trucking Corp.*, 985 F.2d 103, 112 (3d

Cir. 1993)); *D'Amato v. Southern Connecticut Gas Co.,* 2000 WL 34325258 *5 (D.Conn. Sep't. 8, 2000) (resolution of implied contract claim requires interpretation of collective bargaining agreement and is therefore preempted).  Thus, the uncontested existence of the CBA, the absence of individual contracts upon which Plaintiffs' claims could conceivably be based, and the prosecution of a grievance by the Union pursuant to the CBA to successfully resolving at least two of Plaintiffs' present back-pay demands appear, under applicable federal law, to render Plaintiffs' claims completely preempted. As such, Plaintiffs are barred from adjudication in any court either state or federal. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1965) (state courts must apply federal law in adjudicating § 301 claims; *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 506-07 (1962) (state courts have concurrent jurisdiction of § 301 claims).

   Although courts may consider unpleaded materials, including the terms of a collective bargaining agreement, in evaluating a motion to dismiss based on preemption under § 301, *see Salamea v. Macy's East, Inc.*, 426 F.Supp.2d 149, 155-56 (S.D.N.Y. 2006) (court considered unpleaded collective bargaining agreement to determine that plaintiff's state contract claim for unpaid vacation time preempted under § 301), based on the foregoing, the court directs Plaintiffs to show cause why, upon this record, summary judgment should not be granted to Defendant on all of Plaintiffs' claims. Plaintiffs' response shall be filed not later than **June 11, 2007;** Defendant's reply shall be filed not later than **June 18, 2007.**  Oral argument shall be at the court's discretion. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
   LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 1, 2007
       Buffalo, New York