UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BRIAN O'ROURKE,<br>MARK CZERNIEJEWSKI, | | **REPORT**<br>**and** |
| | Plaintiffs, | **RECOMMENDATION** |
| v. | | **06-CV-667A(F)** |
| CARMEN M. PARISO, INC., | | |
| | Defendant. | |

APPEARANCES:      RICHARD H. WYSSLING, ESQ.
                 Attorney for the Plaintiffs
                 375 Linwood Avenue
                 Buffalo, New York    14209

                 BOND, SCHOENECK & KING, PLLC
                 Attorneys for the Defendant
                 JAMES J. ROONEY, ROBERT A. DOREN, and
                 MARK A. MOLDENHAUER, of Counsel
                 40 Fountain Plaza
                 Key Center, Suite 600
                 Buffalo, New York    14202-2200

**JURISDICTION**

By order, filed February 6, 2007, Hon. Richard J. Arcara referred this action to

the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

The matter is presently before the court on Defendant's motion to dismiss, filed October

6, 2006 (Doc. No. 2).

**BACKGROUND**

Plaintiffs initiated this action by summons and complaint filed in New York

Supreme Court, Erie County, on September 5, 2006 (Doc. No. 1, Appendix B) ("the

Complaint").  On October 5, 2006, Defendant removed the action pursuant to 28 U.S.C.

§ 1441(a) and (b).  *Id.*  On October 6, 2006, Defendant filed the instant motion pursuant to Fed.R.Civ.P. 12(b)(6) (Doc. No. 2) ("Defendant's motion"), an Affidavit of Anthony Pariso In Support of Motion to Dismiss (Doc. No. 3) ("Pariso Affidavit") attaching exhibits ("Defendant's Exh.(s) ___"), together with a Memorandum of Law in Support of Defendant's Motion to Dismiss (Doc. No. 4) ("Defendant's Memorandum").  In opposition, Plaintiffs' Response to Defendant's Motion to Dismiss was filed April 9, 2007 (Doc. No. 9) ("Plaintiffs' Response").  Defendant filed, on April 23, 2007, its Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss (Doc. No. 10) ("Defendant's Reply Memorandum") along with copies of two judicial decisions, Exhibits A and B.

On June 1, 2007, the court directed that Plaintiff show cause why summary judgment should not be granted to Defendant (Doc. No. 11) ("the Order to Show Cause").  On June 6, 2007, Plaintiffs submitted a one-page letter dated June 5, 2007 opposing summary judgment (Doc. No. 12) ("Plaintiffs' Opposition to Summary Judgment") referencing the arguments Plaintiffs stated in Plaintiffs' Response.  Oral argument was deemed unnecessary.  Based on the following, Defendant's motion should be converted to one for summary judgment and, as such, Defendant's motion should be GRANTED, and the case closed.

## FACTS[1]

Plaintiffs allege that, as truck drivers employed by Defendant, Defendant failed to

---

[1] Taken from the papers and pleadings filed in this action.

pay Plaintiffs for back-pay, at overtime rates, based upon Plaintiffs' work in (1) performing inspections of the trucks assigned to them each day by Defendant, (2) washing the assigned trucks, and (3) shoveling snow out of the "box[es]" of the assigned trucks.  Complaint ¶ ¶ 4, 7 - 11.  Plaintiffs further allege such back-pay is owed to Plaintiffs based on Defendant's breach of a contract with Plaintiffs and a violation of New York law, specifically, New York State Labor Law Section 190(1) - (3) ("Labor Law § 190"); *id.* ¶ ¶ 1, 15-18; 23-26.  According to the Complaint, Plaintiffs are entitled to recover either on Defendant's breach of a contract entered into when Plaintiffs were hired and while employed by Defendant as truck drivers, Complaint ¶ ¶ 15-18 ("the First Cause of Action"), or, alternatively, in quantum meruit based on Plaintiffs' conferral of an economic benefit upon Defendant resulting from Plaintiffs' inspection, washing and snow-removal services provided to Defendant ("the Second Cause of Action").  Complaint ¶ ¶ 19-22.  As further alleged in the Complaint, Plaintiffs also seek damages arising from Defendant's violation of Labor Law § 190 based on Defendant's refusal to pay the back-wages sought by Plaintiffs at overtime rates for the services Plaintiffs rendered to Defendant ("the Third Cause of Action").[2]  Complaint ¶ ¶ 23-26.

During the period of Plaintiffs' employment with Defendant, Plaintiffs were members of a labor union, Truck Drivers Local No. 449 ("the Union"), and the Union and Defendant were parties to collective bargaining agreements ("the CBAs").  Pariso

---

[2]  Although Plaintiffs assert N.Y. Labor Law § 190 as a basis for their Third Cause of Action which includes the overtime pay demand, the requirement for time and one-half for overtime compensation derives from N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 as based on N.Y. Labor Law § 650, the New York State Minimum Wage Act.

Affidavit ¶ ¶ 3-4.  Attached to the Pariso Affidavit are copies of two collective bargaining

agreements, one for the period 1998-2000, the other for the period 2000-2002; the

agreements constitute Defendant's Exhibit A ("1998-2000 CBA," "2000-2002 CBA").

The CBAs provided that Defendant's truck drivers "may be required to wash . . .,

perform other maintenance duties on their vehicles . . . [and] to wash unit, [vehicle]

once a week and keep interior clean."  *Id*. ¶ 5, Defendant's Exhibit A (1998-2000 CBA)

at 4; (2000-2002 CBA) at 5 (bracketed material added).  The CBAs specify

compensation rates, including overtime, for members of the Union who work for

Defendant as truck drivers, Defendant's Exhibit A (1998-2000 CBA) at 1-2; (2000-2002

CBA) at 2.  The CBAs also provide for resolution of "any differences or disagreements"

regarding "the meaning of" [the CBAs] "between the parties" through grievance and

arbitration procedures described in the CBAs.  Pariso Affidavit ¶ 6, Defendant's Exhibit

A (1998-200 CBA) at 3-4;  (2000-2002 CBA) at 5 (bracketed material added).

    In 2002, the Union commenced a grievance proceeding against Defendant

pursuant to the CBA then in effect, for "non-payment of required pre-trial and post-trip

[*sic*] [inspections of assigned trucks]" as well as "non-payment of time for mandatory

washing of truck [*sic*]," and other alleged violations by Defendant not relevant to the

instant action, and to compel Defendant to pay wages due to the Union's drivers in

violation of the CBA.  Pariso Affidavit ¶ ¶ 8-10; Defendant's Exhibit B (bracketed

material added).  As a result of the grievance proceeding, the washing of Defendant's

trucks was to be performed by an "outside service" and Defendant's truck drivers were

instructed to cease washing their trucks as of August 8, 2002.  Pariso Affidavit ¶ 11;

Defendant's Exhibit D.  The only unresolved grievance issue related to the correct

4

manner of including holiday pay in the calculation of overtime.[3]  *Id.* ¶ ¶ 13-14;

Defendant's Exhibits F, G.  Defendant subsequently acquiesced in the Union's position

on this issue and, following withdrawal of its demand for arbitration on September 10,

2002, the Union informed Defendant the grievance was deemed fully resolved and

advised Defendant it could "close the arbitration file in this matter."  Defendant's Exhibit

G.


## DISCUSSION

It is well settled that where an alleged claim, alleged to arise under state law, is

"inextricably intertwined with the terms of [a] labor contract," such claim is preempted by

federal law pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C.

§ 195(a)( "§ 301").  *Allis-Chalmers v. Lueck*, 471 U.S. 202, 213 (1985).  *See also*

*Electrical Workers v. Hechler,* 481 U.S. 851, 855-56 (1987) (citing *Leuck*).  According to

the Supreme Court, "when a state-law claim is <u>substantially</u> <u>dependent</u> <u>on</u> <u>analysis</u> <u>of</u> <u>a</u>

<u>collective-bargaining</u> <u>agreement</u>, a plaintiff may not evade the pre-emptive force . . .

[§301] by casting the claim as a state-law claim."  *Hechler, supra*, at 859 n. 3

(underlining and bracketed material added).  It is also controlling law in this Circuit that

where a collective bargaining agreement between a labor union and an employer

provides a grievance procedure for resolution of disputes between the parties covered

by a collective bargaining agreement, any claim for judicial relief that is within the scope

of the collective bargaining agreement's grievance procedure is foreclosed as a ground

---

[3]  The record does not reveal how the issue of extra pay for inspections was resolved by the
Union and Defendant.

for an action cast as a claim arising under state law.  *See Dougherty v. American Telephone and Telegraph Company,* 902 F.2d 201, 204 (2d Cir. 1990) (citing cases). Thus, if state law based claim would "clearly have been arbitrable" under a collective bargaining agreement, summary judgment is proper.  *Id*.  The rationale for the preemptive effect of § 301 is to promote uniformity of interpretation of collective bargaining agreements.  *Id*. at 203 (citing *Leuck, supra,* at 202).  Additionally, § 301 preemption precludes a state law claim where the collective bargaining agreement may provide the grounds for the relief requested or where litigation of the state claim "would circumvent the arbitration procedures provided" in the relevant collective bargaining agreement.  *Id.*

Although, on a motion to dismiss, a court may not reach the merits of a plaintiff's claims based on consideration of documents not referenced in the complaint, where, as here, a plaintiff has been notified of the court's intention to consider summary judgment, yet fails to provide any reason to dispute the existence or applicability of a collective bargaining agreement, the court may consider the agreement in converting a defendant's motion to dismiss to one seeking summary judgment.  *See Salamea v. Macy's East, Inc.*, 426 F.Supp.2d 149, 155-56 (S.D.N.Y. 2006) (court considered unpleaded collective bargaining agreement to determine plaintiff's state law based contract claims for unpaid vacation time as preempted under § 301).  Plaintiffs' opposition to summary judgment, Plaintiffs' Opposition to Summary Judgment at 2; Plaintiffs' Response at 2, asserting Plaintiffs have had no opportunity for discovery, is therefore insufficient to avoid the court's consideration of the CBAs, as well as the other averrments and documents submitted by Defendant, as Plaintiffs fail to point to any

possible facts the existence of which could warrant avoidance of summary judgment, based on § 301 preemption, in this case.[4]

In particular, Plaintiffs fail to dispute that (1) the CBAs are collective bargaining agreements between the Union and Defendant, and cover Plaintiffs' employment with Defendant as Union members under the CBAs for the relevant periods during which Plaintiffs' claims are alleged to have accrued,[5] (2) other than the CBAs, there are no other written contracts between Plaintiffs and Defendant relating to Plaintiffs' employment with Defendant, and, significantly, (3) the CBAs' grievance and arbitration provisions are sufficiently broad to include Plaintiffs' demands for payment of the back-pay, including overtime, sought by Plaintiffs based on Plaintiffs' allegations.  Tellingly, Plaintiffs do not contradict Defendant's representation that at least two of Plaintiffs' claims in this action, overtime for inspection and washing of trucks, were subject to a prior grievance processed to conclusion under the CBAs, thus demonstrating that both the Union, as agent of Plaintiffs for purposes of enforcing the CBAs, and Defendant treated such claims as within the exclusive grievance procedure defined in the CBAs. Accordingly, regardless of the specific legal theory of recovery for Plaintiffs' claims, including Plaintiffs' assertions of breach of contract, quantum meruit, or a violation of Labor Law § 190, Plaintiffs' entitlement to any part of the back-pay sought under the Complaint is "inextricably intertwined" with relevant provisions of the CBAs, specifically,

---

[4] Plaintiffs also requested the matter be remanded to state court.

[5] Although Defendant's copies of the CBAs cover the period 1998-2002 and Plaintiffs' claims are based on the period 2000-2006, Plaintiffs do not dispute Defendant's statement, Pariso Affidavit ¶ 4, that "[t]hroughout the relative [*sic*] period covered by the dispute, as set forth in the Complaint, the Defendant maintained a collective bargaining agreement with" the Union.

whether Defendant's failure to pay the asserted back-pay, for the reasons alleged in the Complaint as Plaintiffs now demand, violated the CBAs and whether the CBAs' grievance procedures apply to Plaintiffs' claims.  *Ycaza v. CT Transit-Stamford Div.*, 289 F.Supp.2d 180, 182-83 (D.Conn. 2003) (where claim for back pay and benefits required court to construe collective bargaining agreement, claim preempted by § 301) (citing *Wheeler v. Graco Trucking Corp.*, 985 F.2d 103, 112 (3d Cir. 1993)); *D'Amato v. Southern Connecticut Gas Co.,* 2000 WL 34325258 *5 (D.Conn. Sep't. 8, 2000) (resolution of implied contract claim requires interpretation of collective bargaining agreement and is therefore preempted by § 301).  Thus, the uncontested existence of the CBAs and their applicability to Plaintiffs, the absence of any evidence of individual contracts between the parties, other than the CBAs, upon which Plaintiffs' claims could conceivably be predicated, and the prosecution of a grievance by the Union pursuant to the CBAs resolving the grounds for at least two of Plaintiffs' back-pay demands as alleged in Plaintiffs' Complaint, render Plaintiffs' claims completely preempted.

Such preemption applies directly to Plaintiffs' claims because grievance procedures in collective bargaining agreements are, under federal law liberally construed.  *See Dougherty, supra*, at 204 (citing *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).  In this case, the CBAs provide compensation rates, including overtime, hours for work, and requirements for drivers relating to maintenance.  Defendant's Exhibit A at 1-2, 4 (1998-2000 CBA), 1, 5 (2000-2002 CBA).  Moreover, as noted, FACTS, *supra*, at 4-5, the Union and Defendant processed a grievance under the CBAs grievance and arbitration procedures for two disputed matters similar to at least two of Plaintiffs' asserted grounds for relief in

8

this action.  On this record, all of Plaintiffs' claims are therefore presumptively within the
grievance and arbitration provisions of the CBAs.  *Id.*  As such, Plaintiffs' claims are
subject to the jurisdiction of this court, *Vera v. Saks & Company*, 335 F.3d 109, 113-14
(2d Cir. 2003) (affirming denial of remand based on "unusual preemptive power of §
301" establishing subject matter jurisdiction of district court) (citing cases), and are
barred from adjudication in any court.  *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-
04 (1965) (state courts must apply federal law in adjudicating § 301 claims).
Accordingly, summary judgment, rather than dismissal for failure to state a claim, is
proper.  Fed.R.Civ.P. 56(c) (summary judgment shall be granted where facts
demonstrate "moving party entitled to judgment as a matter of law."); *see also*
*Dougherty, supra,* (affirming grant of summary judgment where plaintiff had asserted
state law claims court found arbitrable under applicable collective bargaining
agreements and had failed to pursue such claims through available grievance and
arbitration procedures).  As this court has subject matter jurisdiction over Plaintiffs' §
301 claim, remand to New York Supreme Court, as sought by Plaintiffs, is also
unwarranted.  *See Vera, supra*.

      Plaintiff's reliance on *Heyer v. Morris Okun, Inc.*, 2003 WL 21991583 (S.D.N.Y.
Aug. 20, 2003), Plaintiffs' Memorandum at 4, is misplaced.  In *Heyer,* the court denied
summary judgment, in part, as to plaintiff's state law contract claim for unpaid
commissions upon finding that plaintiff's claim was based on an agreement to pay
plaintiff a commission on sales of watermelons, and that this arrangement was not
contemplated by the collective bargaining agreement which otherwise governed
plaintiff's employment with defendant.  *Heyer, supra,* at *4.  Specifically, the court found

that nothing precluded plaintiff from contracting separately with defendant apart from the collective bargaining agreement and the court found evidence to support the alleged separate agreement regarding such commissions.  *Id.*  Here, there is no evidence to support Plaintiffs' allegations that their back-pay claims are based on any agreement or employment relationship other than that defined by the CBAs, including their grievance procedures, and Plaintiffs fail to negate Defendant's specific averment that no written contractual relationships between Plaintiffs and Defendant, other than the CBAs, exist.  Moreover, no fair reading of the CBAs implies that Plaintiffs have any wage claims against Defendant beyond the terms and conditions of the CBAs.

In response to the Order to Show Cause, Plaintiffs have pointed to nothing in the Complaint, the provisions of the CBAs, or any other sources that reasonably could support a finding that if Plaintiffs performed the work for Defendant as alleged, Plaintiffs' requests for back-pay at overtime rates are entirely independent of the CBAs and importantly the scope of the related grievance procedures.  Plaintiffs' suggestion that their state law claims are determinable by reference to "a clock and a calculator," Plaintiffs' Response at 4, ignores whether such a calculation was one to be performed in the first instance using the grievance and arbitration procedures available to Plaintiffs based on the applicable provisions of the CBAs.  Whether such procedures remain available to Plaintiffs to pursue a grievance to obtain the back-pay Plaintiffs' seek for their alleged snow-removal services, an issue not referenced in the 2000 grievance, to Defendant does not preclude entry of summary judgment against Plaintiffs upon the applicable § 301 preemption.

**CONCLUSION**

Based on the foregoing, treating Defendant's motion as one for summary judgment, such motion should be GRANTED; Plaintiffs' request for remand should be DENIED, and the Clerk of Court directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: July 19, 2007
       Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       July 19, 2007
             Buffalo, New York

12